Maynor Saul SANTOS–
DIAZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–71227.

INS No. A72–170–906.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2002 *.

Decided July 9, 2002.

Before SCHROEDER, Chief Judge,
D.W. NELSON and REINHARDT,
Circuit Judges.

MEMORANDUM **

Maynor Saul Santos–Diaz, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his petition for asylum and withholding of deportation. Santos–Diaz challenges the denial of eligibility for asylum.

Santos–Diaz testified about two different series of events that supported his application. The first was his involvement in his uncle's election campaign and confrontation with people he thought were guerrillas during his return from a political meeting. The men Santos–Diaz took to be guerrillas stopped the truck in which he and two companions were riding. The men killed one companion and wounded another. Santos–Diaz escaped.

The second series of events began the following year, when, according to Santos–Diaz' testimony, the guerrillas began writing on town walls that they were looking for Santos–Diaz and his brother. He testified that he knew the writing was by guerrillas because he had seen the same type

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of signs in other cities. The signs said that the guerrillas were looking for petitioner and his brother because they were government informants, and that "we are not going to let them get away or escape." He testified guerillas went to his house looking for him.

Although the IJ's opinion contains some comments related to credibility, the BIA expressly stated that the IJ had not made an adverse credibility finding and did not make its own credibility finding. In these circumstances, we must accept petitioner's testimony as true. *See Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000).

The INS concedes on appeal that Santos–Diaz established a subjectively genuine fear of persecution. It maintains, however, that the fear was not objectively reasonable. Accepting the petitioner's testimony as true, we conclude his fear was objectively reasonable.

A specific threat directed to an individual whose home and identity are known to the alleged persecutors is sufficient to establish a well-founded fear. *Arteaga v. INS*, 836 F.2d 1227, 1233 (9th Cir.1988); *Navas v. INS*, 217 F.3d 646, 658 (9th Cir.2000). Here, in addition to written threats, the guerrillas went to petitioner's house and threatened his father and his neighbors in order to find him. It was after learning that they were looking for him that he left Guatemala fearing for his life.

According to the written threats, the guerrillas believed Santos–Diaz was a government informant, and we have held that retaliation against a government informant constitutes persecution on the basis of political opinion. *Briones v. INS*, 175 F.3d 727, 729 (9th Cir.1999) (en banc).

The BIA discussed only the petitioner's involvement with his uncle's campaign and the highway incident, viewing them as insufficient to support the application. The BIA did not discuss the threats written on the walls and the guerrillas' search of Santos–Diaz' neighborhood. We conclude that the evidence as a whole compels the conclusion that Santos–Diaz demonstrated a well-founded fear of persecution on account of political opinion and is eligible for asylum. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The petition for review is GRANTED. The decision of the BIA is VACATED and the matter REMANDED.